**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CIARA KOMEH, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-12756 |
| | ) | |
| v. | ) | |
| | ) | |
| ASHKAR 15, INC. d/b/a FONTANO'S SUBS | ) | |
| & PIZZERIA, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Ciara Komeh ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Ashkar 15, Inc. d/b/a Fontano's Subs & Pizzeria ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as Title VII and Section 1981 are federal statutes.

3.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction have been satisfied.

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

### THE PARTIES

8.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

9.      Defendant is a corporation that specializes in food service/restauranting.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

### BACKGROUND FACTS

12.     Plaintiff worked for Defendant as a sandwich maker from August 17, 2024 until her unlawful termination on or around October 19, 2024.

13.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

14. Plaintiff is Black and of Sierra Leonean descent and is a member of a protected class because of her race and national origin.

15. Since at least September 1, 2024 through October 19, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of race, violating §1981 and Title VII.

16. On or about September 1, 2024, Plaintiff experienced the first incident of Catherine (LNU, non-Black, non-African)'s harassment.

17. Catherine, who knew of Plaintiff's race and national origin, would frequently stop what she was doing to focus on Plaintiff's work.

18. On multiple occasions, Catherine snatched sandwiches from Plaintiff's hands and spoke to Plaintiff disrespectfully in front of customers, saying things like, "You're doing it wrong" and "You're stupid."

19. No similarly situated employees outside of Plaintiff's protected classes were targeted.

20. Plaintiff faced ongoing harassment from her coworker Catherine (LNU, non-black, non-African) since her first day at work.

21. As the only black and the only African employee specifically from Sierra Leone, Plaintiff felt increasingly isolated.

22. Plaintiff reported the harassment to her bosses Frank and Frankie, explaining that Catherine was targeting Plaintiff because of her race and national origin.

23. They said they would address the situation, but the harassment continued.

24. This reporting and opposing of race-based harassment was protected activity.

3

25. On or about September 17, 2024, while Plaintiff was using the bathroom, she slipped and fell on her left knee because an employee was cleaning the floors without any caution signs.

26. Frank (LNU, non-black, non-African), Plaintiff's manager, has cameras throughout the store, through which Plaintiff believe he saw the incident.

27. Plaintiff asked for an incident report, but Frank told Plaintiff to go home.

28. On or about September 18, 2024, Plaintiff received the incident report.

29. Plaintiff was injured for about a week and a half.

30. After this incident, Catherine became even more overtly racist towards Plaintiff.

31. On or about October 1, 2024, while Plaintiff was talking to another coworker, Catherine interrupted and said, "You're doing this wrong, you black bitch."

32. Plaintiff reported this to Frank and was in tears.

33. On or about Saturday, October 19, 2024, Catherine smacked a salad out of Plaintiff's hand, saying, "You're doing it wrong," and called Plaintiff "black bitch" again.

34. Defendant's inaction of this frequent harassment is proximate cause for the development of a hostile work environment.

35. Plaintiff reported this incident to Frank's son, Frankie, who was filling in for Frank.

36. After Plaintiff went back to work, Catherine then called Plaintiff "nigger."

37. The term "nigger" is a well establish pejorative toward Black individuals meant to convey inferiority and instill fear.

38. The worsened harassment was offensive both subjectively and objectively.

39. Plaintiff was overwhelmed and started crying.

40. Frankie told Plaintiff to go downstairs.

41. Plaintiff asked him to speak to Catherine, and he said he would handle it later.

42. When Plaintiff went downstairs, she explained the ongoing harassment to Frankie, detailing how Catherine had been calling Plaintiff racial slurs even before that day's incident.

43. Frankie told Plaintiff to go home.

44. Later that day, Plaintiff received a call from Frank's wife, Jackie, informing Plaintiff that her employment was terminated.

45. Plaintiff asked her why she was being fired when Catherine had been harassing Plaintiff and using racial slurs.

46. Jackie replied, "We're going to fire you, but we're going to talk to her."

47. Plaintiff was unlawfully terminated because of her race, (Black), and national origin (Sierra Leonean) on October 19, 2024.

48. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

49. Plaintiff reported the race-based harassment to Defendant.

50. Plaintiff was targeted for termination because of her race.

51. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

52. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

53. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

**COUNT I**
**Violation of 42 U.S.C. §1981**

**(Race-Based Discrimination)**

54.     Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

55.     Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

56.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

57.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

58.     Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

59.     As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
**(Race-Based Discrimination)**

60.     Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

61.     By virtue of the conduct alleged herein, Defendant intentionally discriminated

6

against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

62. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

63. Plaintiff met or exceeded performance expectations.

64. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

65. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

66. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

68. Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

70. Defendant knew or should have known of the harassment.

71. The race-based harassment was severe or pervasive.

72. The race-based harassment was offensive subjectively and objectively.

73. The race-based harassment was unwelcomed.

74. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

7

1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's race, Black.

75. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

76. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<u>**COUNT IV**</u>
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

77. Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

78. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

79. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race and/or national origin-based discrimination and/or harassment.

80. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

81. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race discrimination or harassment.

82. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

83. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

84. By virtue of the foregoing, Defendant retaliated against Plaintiff based on

Plaintiff's reporting the race and/or national origin-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

85. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

86. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT V**
**Violation of 42 U.S.C. §1981**
**(National Origin-Based Discrimination)**

87. Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

88. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

89. Defendant's conduct against Plaintiff's national origin amounts to a pattern or practice of systemic discrimination that constitutes illegal, intentional national origin discrimination in violation of 42 U.S.C. §1981.

90. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

91. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

92.     As a direct and proximate result of the national origin-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of Title VII of the Civil Rights Act of 1964**
**(National Origin-Based Discrimination)**

93.     Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

94.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

95.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's national origin.

96.     Plaintiff met or exceeded performance expectations.

97.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

98.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's national origin.

99.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

100.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VII**

**Violation of Title VII of the Civil Rights Act of 1964**
**(National Origin-Based Harassment)**

101.    Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

102.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

103.    Defendant knew or should have known of the harassment.

104.    The national origin-based harassment was severe or pervasive.

105.    The national origin-based harassment was offensive subjectively and objectively.

106.    The national origin-based harassment was unwelcomed.

107.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's national origin, Siera Leonean.

108.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

109.    As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay with interest;

b.    Payment of interest on all back pay recoverable;

c.    Compensatory and punitive damages;

d.    Reasonable attorneys' fees and costs;

11

e.  Award pre-judgment interest if applicable; and

f.  Award Plaintiff any and all other such relief as the Court deems just and

proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 12, 2024                    Respectfully submitted,

/s/ *Peyton M. Paschke, Esq.*
Peyton M. Paschke, Esq.
IL Bar No.: 62587
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5450
ppaschke@sulaimanlaw.com
*Attorney for Plaintiff*